IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| ROBERT GALLAGHER, | ) ) ) ) | |
| Plaintiff | ) ) | |
| v. | ) ) | 02: 11-cv-1118 |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM ORDER

Presently pending before the Court for disposition is PLAINTIFF'S MOTION FOR ATTORNEY FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT (Sealed Doc. No. 18) , filed by Plaintiff Robert Gallagher on September 18, 2012, and the RESPONSE (Sealed Doc. No. 19) thereto, filed by the Commissioner on October 2, 2012.  The Motion has been fully briefed and is ripe for disposition.

Pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, Plaintiff's counsel filed a petition to be reimbursed by Defendant for reasonable attorney's fees for the successful prosecution of the underlying action.  Plaintiff's counsel seeks Two Thousand Eight Hundred Ninety Five dollars and Twenty Three cents ($2,895.23); in support, she attaches an itemization of hours and an "Attorney Fee Agreement for Federal Court Appeals" (the "Agreement") executed between she and her client, and an Affidavit.  The Agreement assigns, *inter alia*, any court awarded EAJA fees and costs to Plaintiff's counsel.

Defendant does not object to the requested amount of attorney fees under the EAJA. Defendant does, however, request that this Court authorize the Commissioner to (1) direct the

payment of fees directly to Plaintiff, which it would send to the business address of his counsel; (2) make full or partial remittance of the awarded attorney fees contingent upon a determination by the government that Plaintiff owes no qualifying, pre-existing debt(s) to the United States government; and (3) permit the government to reduce the awarded attorney's fees to the extent necessary to satisfy any debt that exists.

The EAJA provides that "a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action." 28 U.S.C. § 2412(d)(1)(A); *see also* 28 U.S.C. § 2412(b) ("Unless expressly prohibited by statute, a court may award reasonable fees and expenses of attorneys . . . to the prevailing party."). The EAJA defines "fees and other expenses" to include reasonable attorney fees. *Id*. § 2412(d)(2)(A).

Recently, the Supreme Court of the United States considered "whether an award of 'fees and other expenses' to a 'prevailing party' under § 2412(d) is payable to the litigant or to his attorney." *Astrue v. Ratliff*, 130 S. Ct. 2521, 2524 (2010). The Supreme Court held "that a § 2412(d) fees award is payable to the litigant and is therefore subject to a Government offset to satisfy a pre-existing debt that the litigant owes the United States." *Id.*

According to the Supreme Court, it has long held that the term "prevailing party" is a term of art that refers to the prevailing litigant when that term is used in fee statutes. *Id.* at 2525. "The fact that the statute awards to the prevailing party fees in which her attorney may have a beneficial interest or a contractual right does not establish that the statute 'awards' the fees directly to the attorney." *Id.* at 2526. Thus, as the Court concluded, the statute's plain text "awards" the fees to the litigant, subjecting them to a federal administrative offset if he or she has outstanding debt. *Id.* at 2527; *c.f. Bostic v. Comm'r of Soc. Sec.*, 858 F. Supp. 2d 1301 (M.D. Fla. 2011) (explaining that "[i]n light of *Ratliff*, this Court finds it a better practice to simply

award the EAJA fees directly to Plaintiff as the prevailing party and remain silent regarding the direction of payment of those fees" and concluding that "[t]he Court leaves it to the discretion of the government to accept Plaintiff's assignment of EAJA Fees and pay fees directly to Plaintiff counsel after a determination that Plaintiff does not owe a federal debt").

Based on the Supreme Court's recent jurisprudence, the Court finds and rules that Defendant's request has merit.  Defendant must direct payment of the requested attorney's fees to Plaintiff, Robert Gallagher, in the amount of Two Thousand Eight Hundred Ninety Five dollars and Twenty Three cents ($2,895.23) and may send this payment to the business address of his counsel.  However, full or partial remittance of the awarded attorney fees will be contingent upon a determination by the government that Plaintiff owes no qualifying, pre-existing debt(s) to the United States government.

The Commissioner shall make this determination within thirty (30) days from the date of this Court's Order.  If such a debt(s) exists, the government will reduce the awarded attorney fees in this Order to the extent necessary to satisfy such debt(s).

So **ORDERED** this 3rd day of October, 2012.

BY THE COURT:

s/ Terrence F. McVerry
United States District Court Judge

cc:   **Kelie C. Schneider**
420 Pearl Street
Pittsburgh, PA 15224
Email: Kelieschneider@gmail.com

**Albert Schollaert**
Email: albert.schollaert@usdoj.gov